10-3739-cv
Velazquez v. City of New York

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 30th day of January, two thousand twelve.

PRESENT:

> JOSÉ A. CABRANES,
> CHESTER J. STRAUB,
> DEBRA ANN LIVINGSTON,
> *Circuit Judges.*

---

Juliana Velazquez,

> *Plaintiff-Appellant,*

v.                                                                  No. 10-3739-cv

City of New York, Raymond Kelly,
Lt. Thomas Hartigan, Sgt. Charles Romero,

> *Defendants-Appellees.*

---

**FOR PLAINTIFF-APPELLANT:**          Christopher Bellistri, Cronin & Byczek LLP, Lake Success, NY.

**FOR DEFENDANTS-APPELLEES:**          Mordecai Newman (Larry A. Sonnenshein, *of counsel*), *for* Michael A. Cardozo, Corporation Counsel of the City of New York, New York, NY.

1

Appeal from a judgment of the United States District Court for the Southern District of New York (Barbara S. Jones, *Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Plaintiff-Appellant Juliana Velazquez ("Velazquez") appeals from the August 19, 2010 order of the District Court granting summary judgment to defendants-appellees the City of New York, New York City Police Commissioner Raymond Kelly, Lieutenant Thomas Hartigan, and Sergeant Charles Romero (jointly, the "defendants") and dismissing her claims of sex discrimination, hostile work environment, sexual harassment, and retaliation, all in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, New York State Executive Law § 296, and New York City Human Rights Law § 8-107; municipal liability in violation of 42 U.S.C. § 1983; and various state law claims for negligent and intentional infliction of emotional distress, negligent hiring and supervision, malicious prosecution, false arrest, and assault. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review *de novo* the district court's grant of summary judgment, drawing all factual inferences in favor of the non-moving party." *See, e.g.*, *Paneccasio v. Unisource Worldwide, Inc.*, 532 F.3d 101, 107 (2d Cir. 2008). "Summary judgment is proper only when, construing the evidence in the light most favorable to the non-movant, 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Doninger v. Niehoff*, 642 F.3d 334, 344 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)).

Substantially for the reasons stated in the District Court's thorough and careful order, we affirm the grant of summary judgment to the defendants. Upon a review of the record and the arguments of counsel, we reject Velazquez's remaining arguments as lacking in merit.

<u>CONCLUSION</u>

We reject all of Velazquez's claims on appeal. Accordingly, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court

2